AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 12, 2025

SEAN F. McAVOY, CLERK

| | |
|---|---|
| United States of America<br>v.<br>JAIME GARCIA and KAYLEE GARDNER<br><br>*Defendant(s)* | Case No. 4:25-mj-07125-ACE |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __June 12, 2025__ in the county of __Franklin__ in the __Eastern__ District of __Washington__, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 21 U.S.C. § 841(a)(1), (b)(1)(C) | Possession with Intent to Distribute Fentanyl |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

*Robert McBee II*
*Complainant's signature*

Robert H. McBee II, DEA Task Force Agent
*Printed name and title*

☑ Sworn to telephonically and signed electronically
☐ Sworn to before me and signed in my presence.

Date: 06/12/2025

*Alexander C. Ekstrom*
*Judge's signature*

City and state: Yakima, Washington

ALEXANDER C. EKSTROM, U.S. Magistrate Judge
*Printed name and title*

AUSA: BLP    COUNTY: FRANKLIN

*AUSA: BLP*

*County: Franklin*

*In Re:  Affidavit in Support of Criminal Complaint for Jaime GARCIA and Kaylee GARDNER*

STATE OF WASHINGTON    )
                       )ss
County of Benton       )

## AFFIDAVIT

I, Robert H McBee II, being first duly sworn on oath, depose and states:

### INTRODUCTION AND AGENT BACKGROUND

1.      I am a Border Patrol Agent-Intelligence (BPA-I) with the Department of Homeland Security (DHS), Customs and Border Protection, U.S. Border Patrol and was so commissioned in December of 2018. In July 2024, I was assigned as a Task Force Agent (TFA) for the Drug Enforcement Administration (DEA) Tri-Cities, WA and I am empowered by law to conduct investigations of and to make arrests for Federal felony offenses. Prior to my assignment as a TFA with DEA Tri-Cities, I was a BPA-I assigned to the Laredo Sector Intelligence Unit (LRT SIU) from August of 2023. Prior to my assignment as a BPA-I with LRT SIU, I was a Border Patrol Agent (BPA) assigned to the Laredo South Station (LRS) as a collateral intelligence, and patrol agent.

Affidavit of TFA McBee - 1                                          4:25-MJ-07125-ACE

2. My experience as a DEA TFA includes, but is not limited to, conducting physical surveillance, interviewing witnesses and subjects, executing search and arrest warrants. I have received training in, and am experienced in, the investigation of violations of Federal law, including violations of federal drug conspiracy laws. I have developed and participated in multiple complex narcotics trafficking investigations involving the organized illegal importation, transportation, and distribution of illegal drugs. I have participated in physical and electronic surveillance and have participated in numerous state and federal arrests for drug-related offenses. I have authored and been granted numerous Federal search warrants in the furtherance of Federal investigations. I have participated in the execution of numerous search warrants, most of which have resulted in the seizure of illegal drugs, weapons, and other evidence of federal and state criminal violations.

3. Based on my training, experience, and discussions with other investigators, I am familiar with the various methods used by individuals and drug trafficking organizations ("DTO") to obtain, possess, transport, distribute and/or sell controlled substances.

4. In my work as an agent for the DEA, I have conducted interviews with drug traffickers, users, and confidential informants, where I have discussed

Affidavit of TFA McBee - 2                                                4:25-MJ-07125-ACE

topics such as preparation, methods of operation, and security measures employed by drug traffickers. I have also participated in numerous criminal investigations involving the execution of federal and state search warrants as they relate to drug trafficking of controlled substances, such as methamphetamine, marijuana, heroin, and fentanyl.

5.  The information in this affidavit is based upon my experience and background as a Task Force Agent, my personal knowledge of an ongoing DEA investigation, and information provided to me by other members of the Tri-Cities DEA Task Force investigation, as well as my conversations with other Special Agents, Task Force Officers ("TFOs"), and other members of law enforcement officers from other jurisdictions who are involved with this investigation. As this affidavit is submitted for the limited purpose of establishing probable cause for a Criminal Complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only those facts that I believe are necessary to establish probable cause.

## INVESTIGATION

6.  On June 12, 2025, DEA Tri-Cities Resident Office (TCRO), the Tri-Cities Metro Drug Task Force (TCMDTF), and the United States Marshal Service (USMS) executed a federal search warrant at 423 Madrona St., Pasco, WA

(TARGET RESIDENCE 1 – TR1), which is located within the Eastern District of Washington.

7. Investigators initially approached the front door of TR1, knocked on the door and announced themselves as law enforcement with a search warrant for the residence. After receiving no response, the door was breached. Law enforcement observed two individuals standing in the living room, a male and a female, both of whom were detained. TFA McBee positively identified the male individual as Jaime GARCIA and the female individual as Kaylee GARDNER. No other individuals were located inside the residence.

8. During the search of TR1 investigators located various quantities of narcotics, bulk quantities of United States currency and firearms. Investigators also observed and seized a large quantity of wrappings consistent with narcotics packaging, a hand mixer with residue that tested presumptive positive for fentanyl, storage containers that tested presumptive positive for fentanyl, scales, and firearms. Investigators observed large quantities of paraphernalia strung throughout the house.

9. Specifically, investigators located and seized a total of approximately 1,062 grams suspected fentanyl pills, 932.9 grams of suspected fentanyl powder, and small quantities of suspected methamphetamine. The suspected fentanyl pills

are similar in size, shape, color, and appearance to other pills seized within the Eastern District of Washington that have tested positive for fentanyl.

10.    Investigators also located 1 shotgun, 4 rifles, 3 pistols, assorted ammunition, and firearms parts –all of which were in various positions throughout the house. More specifically, investigators located a black backpack in the living room, within feet of suspected narcotics, drug paraphernalia, bulk currency, and packing material. Inside of the black backpack, investigators located a Glock 17 Gen 5, 9mm pistol, bearing serial number, "BUND128". The Glock had a round in the chamber, and a 17 round capacity magazine inserted in the magazine well which also contained several rounds of ammunition. The Glock was equipped with a Machine Gun Conversion Device (MCD), commonly referred to as a "Glock Switch" affixed to the rear of the slide. From my training and experience, I know that such a device can convert a standard pistol into a fully automatic machine gun.

11.    During a post-Miranda interview, GARCIA made statements indicating that he was involved in drug trafficking, mentioning weights in the kilogram realm.

12.    GARCIA further admitted that he had tested the MCD previously, and that it fired in a fully automatic capacity. GARCIA said he purchased the MCD for $600.00 dollars and that he had it over a year. GARCIA said he recently put the

MCD on (the Glock). When asked if he had been "ripped" (robbed of his drug supply) previously, GARCIA admitted that he had previously been robbed at gunpoint during a drug deal. GARCIA was asked if that is why he now carried guns and he said, "mmhhm" and nodded his head. Which indicates that he now carried a firearm for his protection during his drug trafficking schemes after being previously robbed.

13. While searching TR1 investigators observed a purse laying on the couch of the living room. This purse was located next to a "Jordan" bag. In the immediate vicinity of the purse and the Jordan bag were numerous amounts of drug paraphernalia and chunks of suspected fentanyl powder. Inside of the purse investigators located a large quantity U.S currency and a driver's license belonging to Kaylee GARDNER. In the "Jordan" bag adjacent to the purse, investigators observed suspected fentanyl powder and paraphernalia.

14. GARDNER's cell phone was seized in anticipation of a search warrant. Investigators obtained a State search warrant for the phone, and during a preliminary review of its contents, located messages evidencing the recent acquisition of approximately 1 kilogram of fentanyl powder.

## CONCLUSION

Affidavit of TFA McBee - 6                                                        4:25-MJ-07125-ACE

15. Based upon the above facts, I believe probable cause exists to charge Jaime GARCIA and Kaylee GARDNER with Possession with Intent to Distribute a Mixture or Substance Containing a Detectable Amount of N-phenyl-N-[1-(2-phenylethyl)-4piperidinyl] propenamide (a/k/a fentanyl), in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

*Robert McBee II*

Robert McBee II, Task Force Agent
Drug Enforcement Administration

Sworn to telephonically and signed electronically, this 12th day of June, 2025.

*Alexander C. Ekstrom*

Alexander C. Ekstrom
United States Magistrate Judge