FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
Aug 14, 2026
SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

Plaintiff,

v.

KAYLEE LYNN GARDNER,

Defendant.

No. 4:25-CR-06023-MKD-2

ORDER GRANTING DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE

**ECF No. 81**

On Thursday, August 13, 2026, the Court conducted a hearing on Defendant's Motion to Modify Conditions of Release (ECF No. 81). Defendant was represented by court-appointed attorney Rick Hernandez. Assistant United States Attorney Laurel Holland represented the United States.

Defendant requests the Court modify Special Condition No. 8, which imposes home detention, to impose a curfew instead. ECF No. 81. Defendant reasons that she has been on pretrial release since September 9, 2025, with full compliance. *See id.* Neither the United States Attorney's Office nor United States Probation/Pretrial Services object.

Pretrial release conditions are governed by 18 U.S.C. § 3142(c). A defendant released on conditions shall be subject to the least restrictive condition or combination of conditions to "reasonably assure the appearance of the person as

required and the safety of any other person and the community." § 3142(c)(1)(B). To determine whether there are conditions that will reasonably assure the defendant's appearance and the safety of the community, courts consider four factors under § 3142(g): (1) "the nature and circumstances of the offense charged"; (2) "the weight of the evidence against the person"; (3) "the history and characteristics of the person"; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." § 3142(g)(1)–(4). Important here, courts "may at any time amend the order to impose additional or different conditions of release."

Given Defendant's compliance for nearly one year on pretrial supervision and the agreement of the parties, the Court finds that the requested modification is warranted. However, due to the seriousness of the underlying offense conduct, the Court will not lower Defendant's level of GPS monitoring beyond a curfew for the remainder of the case.

In conclusion, the Court finds that Defendant's requested modification of imposing a curfew instead of home detention is sufficient to reasonably assure Defendant's appearance and the safety of the community under § 3142.

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion to Modify Conditions of Release (**ECF No. 81**) is **GRANTED**.

2. **Special Condition No. 8 (ECF No. 67) is MODIFIED** in its entirety to read **as follows:**

> **8.** **<u>Curfew</u>:** Defendant shall be restricted to the approved residence every day from **9:00 PM to 6:00 AM**, or as directed by the United States Probation/Pretrial Services Office.

3. All other terms and conditions of pretrial release not inconsistent herewith shall remain in full force and effect.

**IT IS SO ORDERED.**

DATED August 14, 2026.

ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE